UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                         19-CR-897 (ALC)
                                                                                         20-CR-126 (LTS)

                - against -

                                                                                         ORDER DENYING BAIL
MALIK HOLLOWAY,                                                          IN BOTH CASES

                               Defendant.
-----------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

       In January 2019, in the Eastern District of New York, Holloway was sentenced to 14 months, related to his conviction for violating the Travel Act, for a prison bribery scheme, in which he admitted to providing drugs and money to prison guards. In February 2019, he was released from custody. Since then, and while on supervised release,[1] he carried a scalpel and narcotics into the Eastern District courthouse, and he was indicted for two other cases in the Southern District of New York. In December 2019, under indictment 19-cr-897, a grand jury indicted Holloway for being a felon in possession of ammunition. In February 2020, under indictment 20-cr-126, a grand jury indicted Holloway for narcotics conspiracy, connected to a plot to distribute and possess with the intent to distribute a) one kilogram or more of heroin, b) 400 grams or more of fentanyl, and c) 280 grams or more of crack cocaine. He seeks bail on his two new cases in the Southern District of New York, filing a motion on November 11, 2021. The government responded on December 1, 2021.

---

[1] He subsequently admitted to violating his supervised release and was sentenced to two years imprisonment on February 12, 2020.

Under 20-cr-126, since he has been charged with violating 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C § 924(c), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure his appearance in court and the safety of the community. *See* 18 U.S.C. § 3142(c)(3)(A), (B).

Attempting to rebut the presumption of detention, Holloway claims that release is appropriate since he has always worked, his prior convictions are largely non-violent, and he successfully completed his prior period of incarceration. He has also proffered a bail package. The motion is denied.

The government has proven that Holloway is a flight risk. He should not possess illegal narcotics. At a minimum, coming to a federal courthouse, while on supervised release, should have persuaded him to leave the drugs at home. But instead he brought into the courthouse a dangerous weapon–a scalpel–coupled with illegal narcotics. His bringing contraband into a courthouse, while on supervised release, demonstrates his inability to comply with court directives. He is likely to fail to return to court, especially when facing serious jail time. He faces a mandatory minimum of ten years for each of the heroin and crack offenses in 20-cr-126, and he is in criminal history category five for the ammunition case in 19-cr-897.

Moreover, the government has proven that Holloway is a danger to the community. Although he claims his prior convictions were largely non-violent, he has two prior convictions for rape in the first degree. Currently, he is accused of possessing ammunition in 19-cr-897, and according to the government, he is a senior member of a gang. Although he claims he

successfully completed his prior term of incarceration, he admitted to fighting with another inmate.  (ECF 54, Ex A).  As mentioned previously, he brought a scalpel into a federal courthouse.  His prior work history has not deterred him from committing crimes that endanger the community.

Holloway has failed to rebut the presumption of detention in 20-cr-126.  Even if he had, the government has proven the risk of flight by a preponderance of the evidence and dangerousness by clear and convincing evidence under both 20-cr-126 and 19-cr-897.  I find that no conditions or set of conditions would reasonably assure his return to court or the safety of the community.  Accordingly, his newly proffered set of bail conditions are inapposite.  His other arguments are without merit.

The bail application is denied.

SO ORDERED.

Dated:       February 28, 2022
             New York, New York

      /s/ Andrew L. Carter, Jr.
**ANDREW L. CARTER, JR.**
United States District Judge